Mr. LaRocca, thank you very much. You're representing Mr. Langer? I am. Judge Fischer, Judge Stapleton, Judge Hardiman, today marks the 5th anniversary, almost to the day, of when Mr. Peoples, an attorney, settled his claim in the court below. accepted nearly $3 million, agreed to the dismissal with prejudice of that claim, which every first-year law student knows, learns is res judicata and prevents further litigation. And nevertheless, in the five intervening years, he's filed two separate lawsuits in state court on the same claim, which clearly violated the all-writs injunction that Judge Du Bois had entered in July of 2004. He did that after Judge Du Bois admonished him from the bench not to do it. In May 2007, Mr. Peoples was in the witness stand, Judge Du Bois was on the bench, not 10 feet away from him, and Mr. Peoples said, I'm going to start it again. And Judge Du Bois, for three pages in the record, said, you can't do that. Listen to my all-writs injunction. And he read the injunction to him. Nevertheless, six months later, Mr. Peoples filed those two lawsuits. He did it, Your Honor, and this is something. He filed a mandamus petition in the summer of 2007, where he withheld from this court that he dismissed his claim. He pretended that it was still You want to keep your voice up, please, or I'm having trouble hearing you. He filed a mandamus petition with this court in the summer of 2007, in which he withheld from this court that he had dismissed his claim and settled it. And he attached to that, this is very interesting, he attached to that the very all-writs injunction. And he said, look, this is preventing me, this is restraining me. Judge Du Bois has no jurisdiction, and he's entered this injunction against me. And he asked this court to oust him of, to ask this court to oust Judge Du Bois of jurisdiction. And Judge Fisher, you entered the order on October 16, 2007, denying that mandamus petition. And then two months later, he files a state court action, the first of those two state court actions, after clearly acknowledging that there's this all-writs injunction that's barring him from doing that. In addition, in these five years, in addition to this clear and deliberate violation of the all-writs injunction, he's committed two additional violations of court order. The telephone call of July 2006, which began this whole contempt proceeding, and the letter to the disciplinary board that Judge Du Bois found was harassing and tactical. He's expressed disdain when he testified in 2007, he expressed disdain for the orders. He's repeatedly vilified two dedicated federal judges, Judge Du Bois and Magistrate Judge Reuter. And he's embarked on a harassment campaign of Mr. Langer through a dozen phone calls and threats that were communicated to me through his then district court counsel, which included threats of physical, possible physical harm. And I think the overarching question on these appeals is, what is the proper response of the judicial system to this kind of continued, repeated assault on its integrity? Judge Du Bois went part of the way when he reinstated, on October the 2nd, 2008, the all-writs injunction. But I contend in this appeal that he didn't go far enough, and that he should have taken two additional actions. One was to reinstate the consent injunction, that was the injunction to which Mr. Peoples had agreed in September 2005 not to harass Mr. Langer. And second, Judge Du Bois should have found Mr. Peoples in contempt. He found all of the elements of contempt present in the record in his July 2008 opinion. He said there were valid orders, Mr. Peoples knew of those orders, Mr. Peoples violated those orders. Yet I'm not holding him in contempt, and I think that was an error of law or an abuse of discretion. Let me argue the three points in order. The first is the one on which we're technically the appellee, that Judge Du Bois, not technically, we are the appellee, Judge Du Bois correctly reinstated the all-writs injunction in October 2008 under what's called the re-litigation exception 28 U.S.C. 2283 and the All-Writs Act 28 U.S.C. 1651. Under the prudential trilogy of cases, there's no question but that Judge Du Bois acted correctly in reinstating that injunction. I don't think there can be a clearer case of the re-litigation exception being appropriate than there was here, and indeed the prudential cases have gone far beyond that. They say if it's a nucleus of fact, it doesn't have to be the exact same claim. Well, here you've got the exact same claim that he dismissed in November 2004. Many other courts that we've cited, the circuits have joined the prudential in talking about the appropriateness of all-writs injunctions in these kinds of circumstances. Mr. Peoples' response in his brief, I just want to go briefly through them because the arguments have no merit. The first is his reply brief says there was no personal jurisdiction over him. He hadn't entered an appearance in the MDL case. This court has made it clear, the Supreme Court has made it clear, you don't need personal jurisdiction. You can join even non-parties under the all-writs injunction, and Judge Du Bois cites the cases in the record. It's in 820 through 821. There's a controlling case by this court, the Commonwealth versus Porter. All you need, according to the Second Circuit, is personal minimum contacts with a forum, which we have here because Mr. Peoples resides in this district and he practices law in this district. His second argument is that there was no removal jurisdiction under the Sygena case, the Supreme Court case which deals with removal. That's a red herring. As Judge Sirica wrote in the second of the prudential cases, an all-writs injunction and a removal are two different, it's apples and oranges. And whether or not there was removal, proper removal in 2004, that became moot and a non-issue when Mr. Peoples dismissed his claim and there became a final judgment. He consented to, he knew about Sygena, he filed a motion to remand under Sygena, and then in November 2004, he voluntarily dismissed that in exchange for the $2.94 million. At that point, there's a final judgment entered, and you cannot collaterally attack that on subject matter jurisdiction under Supreme Court cases and a legion of third-circuit cases. The only two points that you're contesting as to what Judge Du Bois did here was his failure to reinstate the consent injunction and his refusal to sanction Mr. Peoples. That's correct, Your Honor. Why don't you focus some of your time on those two issues. Your Honor, the Judge Sloviter's very comprehensive opinion in the Building Construction Trades case synthesizes a great deal of law. The old Swift case and the new, the standard under 60B-5 on what is the standard for vacating a consent injunction. And the court, this court comes out with six or seven factors that have to be applied in order to make a decision. Including whether there had been good faith compliance with the order, the likelihood of recurrence. It says, and this court says, the central issue is are there changed conditions unforeseen by the parties that have made compliance substantially more onerous or made the decree unworkable. That's at 64F3rd at 888. Judge Du Bois did not apply that standard at all. I mean, he just, I think, legally erred. We cited the case to him and he didn't apply the correct legal standard. In addition, I think he abused his discretion in looking at the record. Because what had happened here is that Mr. Peoples made five or six calls in January and March of 2005. After he'd received the money. That's when the harassment campaign really intensified, after he'd gotten his 2.94 million. Langer files a motion for TRO in March, and then the consent injunction happens in September. And the calls stop.  They stop all the consent injunction except in July of 2006. So it works for a year and a half. And then we have the contempt hearing, and there are no further calls until Judge Du Bois vacates it. And then immediately the pattern begins again. So I think that the record, if you look at the record as a whole, it shows that this consent injunction was working, first of all. After the district court vacated it, which it did sua sponte, I understand. Yes. Did you ever ask the court to reinstate the consent injunction? In our motion to reconsider, Your Honor, we limited it to, we were focusing on the all writs because that's what we were most concerned with. So you didn't specifically ask the court to reinstate the consent injunction? No, but we did bring the phone call, the new phone call to Judge Du Bois' attention, and he considered that in his October. And isn't our review abuse of discretion on this issue? No, because we could appeal. We appealed from the original vacation in July. In other words, we brought that up as part of our original appeal. I think the ---- In this court? Yes. But I think the abuse of discretion, you mean for the overall consent injunction? Yes. I think it's partly, it's abuse of discretion in looking at the record, but I think it's de novo in whether he applied the correct legal standard, the Building Trades Council standard. And ---- Well, it's broad, though. It says, for any other reason that justifies relief, right? That's the standard in 60B-5 and 6, right? I think it's that quote, as I read, I think 60B-5 says that it is no longer equitable that the judgment should have prospective application. Right. And then B-6 says, or for any other reason that justifies relief. Right. In here, the trial judge had had enough of this case, right? And he thought, okay, this is resolved. And why wouldn't this be a criminal matter? Why, if the case is over and Mr. Peoples is harassing Mr. Langer, why wouldn't that be a criminal matter? Is Judge Du Bois supposed to sit on this case until the participants pass away? I mean ---- Your Honor, I hear what you're saying. I think there is a certain, you have to make a certain allowance for judicial fatigue for Judge Du Bois, who presided over this case for a long time, and I'll grant you that. At the same time, I think that the consent injunction was working. And in building trades itself, you had no violations for six years. You had a much longer period of time with no ---- and this Court ---- I guess my suggestion, Mr. LaRock, is it's deferential standard. I mean, that doesn't mean that we wouldn't consider it. Isn't your argument stronger in seeking sanctions from this Court because we don't need to defer to anybody? And we can look at what appear to be fairly extraordinary recriminations lodged against the trial judge. Yes, I think that's right. If I could briefly ---- I see I'm out of time. Let me ---- You can answer. Thank you. I'd like to just very briefly talk about my third point, the civil contempt, which is Judge Du Bois, leaving aside the consent injunction, he found that while these orders were in effect, there were valid orders in effect, that they were violated, that they were knowingly violated. And I think that the record on that is indisputable. He then said ---- Can you cite to us any case where we have overruled a trial court for failing to impose sanctions for civil contempt? Robin Woods is the case I'm relying on. That is where they did find. But I think it's ---- they say it's there the appellant who is opposing it said, look, it's ambiguous. And this court said, no, it's clear on its face that there were the violations. I can't cite to you a case that's gone the other way, but I think the violations are so clear here, Judge, that it was an error because he found all three components. I mean, what he really did is a legal error. It's like in a breach of contract case saying, well, I find that there was a material breach of a term. And then you say, but there was no breach of contract. Well, you can't have that. You have three elements for civil contempt. Was there a valid order? Did the person know about it? And did he violate it? And those ---- there are four examples of that clearly on the record. We'll have you back before you ---- Thank you. Excuse me, Judge Stapleton, you had something? Let me ask you. Yes. I thought ---- We'll get you back on rebuttal. Thank you. Mr. Crystal. Good afternoon, Your Honors. My name is Stephen Crystal. I'm here on behalf of John Peoples, who is the appellee on the direct appeal and the cross-appellant. I would, insofar as I ---- Well, does that microphone get any closer to Mr. Crystal? I'll try to get a little closer. Okay. Can you hear me better? Yeah. Okay. I would like to reserve some rebuttal with regard to the cross-appeal. I could have three minutes of rebuttal time for that. But I will ---- That request will be granted. Thank you, Your Honors. Okay. I'd like to start with the ---- If I could make one point on this appeal, it's that we have a situation where Mr. Langer had the privilege of being a judge in his own case. He was appointed as liaison counsel by Judge Du Bois. That is a quasi-judicial position. It's where the lawyer stands in the shoes of the judge and makes judicial rulings, which the judge oversees but nonetheless gives discretion to. And throughout this case, in all of Judge Du Bois' rulings, including his brief that he sent to this Court on the mandamus, he always took it for granted that the way this ---- the way Mr. Peoples' claims against Langer should proceed is that Mr. Langer is the liaison counsel. He is doing his job of allocating fees, and that is how we're going to come to a conclusion with Mr. Peoples' claims against Mr. Langer. However, Mr. Peoples' claims are based on a private contract. The amount ---- Mr. Peoples had no involvement in the class action other than him making a private contract with Mr. Langer. And the amount of money that he was entitled to would not be based on how well he did in the class action or other things like that, which Judge Du Bois was in a position to rule upon. The amount of money he would get would be based on the interpretation of that private contract, and that is something that that was not Judge Du Bois' ---- part of Judge Du Bois' job as the judge of the class action. So there's a situation where you have just two private litigants suing each other over the interpretation of a contract as to how much money they're going to get, and one of those litigants, because of being named liaison counsel, gets to be in the position of making the decision as to the outcome of that case. But all the money came from the settlement of that case, though. I mean, this isn't where they had a contract to sell widgets to one another. I mean, all the money that went to Mr. Peoples was derived through the class settlement in the federal litigation, correct? Well, the amount of money obtained in the class action set the amount of what the fee would be, but the responsibility to pay was a personal debt of Mr. Langer. Right. But the monies that Mr. Langer was obliged to pay Mr. Peoples was taken into consideration in the context of the fee award, was it not? Well, they set 10 percent of the fee, but it's still simply the term of a private contract that because this was such a good idea and because Mr. Peoples was a good to get 10 percent of the fee. But it would be no different than if Mr. Langer promised his secretary 10 percent of his fee or of the class action fee if she stayed on during the class action. Well, if all the other plaintiffs' lawyers in the class action agreed to accept their fee distribution in reliance upon the amount the secretary was going to take, then the district court, it would seem, would have in aid of jurisdiction over the payment to the secretary. I don't know how you can put up a hermetically sealed barrier between the two because they influence one another. If the secretary, or in this case Mr. Peoples, agrees to take X and the entire class settlement is done in reliance upon that agreement, and then that Mr. Peoples, or to use your hypothetical, the secretary reneges on that agreement, it sets off a chain reaction that impugns the distribution upon which everyone else relied. Help me with, as you know, your time is limited, and I'm not sure that I understand the relevance of anything you have said thus far to anything that's before us. Weren't all these issues you've been talking about determined years ago in a consent judgment that resulted in your client getting millions of dollars worth of fee and a binding judgment? How can you be arguing these things? Strike that. How is anything you've said thus far relevant to anything before us? Because we're asking to reverse Judge Du Bois' October 08 order reinstating the injunction that was originally entered back in 2004, and because that original injunction was based on supposed open class action, therefore his current reinstatement of that injunction relates to that as well. Aren't you really collaterally attacking the subject matter jurisdiction here? Well, what we have is we have a completely new claim here based on Mr. Langer using his in with the district court, his position as liaison counsel, to as a misuse of the court and an abusive process whereby he forced Mr. Peoples' ordinary contract dispute against him to be heard by Judge Du Bois in the federal court with Mr. Langer as liaison counsel, coercing him into the settlement, and one of our claims is that this settlement was the result of fraud and coercion. Now, if we are allowed to move forward with that or if we move forward with that, a judge later on or a jury may have to determine whether or not this settlement can be vacated, whether there was fraud or coercion. The problem is that Judge Du Bois' latest reinstatement of the injunction stops us from even putting the issue into play, that the injunction is a sort of warning before the event even happens. And, for instance, Judge ---- You filed two cases, did you not? Well, there is one open case currently. The complaint hasn't been filed, but a writ of ---- A writ of summons? A writ of summons has been filed. Where is that? And the problem is ---- Where is that case? That's in, I believe, it's Montgomery County, maybe Delaware County, but I'm pretty sure it's Montgomery County, in the Court of Common Pleas. However, when we tried to move forward with the case, Mr. Langer made a, brought a petition in front of Judge Du Bois saying that they can't move forward with that case because of your injunction. And so Judge Du Bois reinstated the injunction. And, again, we're focused on the October ---- We wouldn't be here if Judge Du Bois didn't, in October of 2008, reinstate his injunction. Well, he had to. You're filing state court lawsuits that are in direct violation of his court order. So, I mean, what are we going to do here? Are we going to keep this injunction in place for the next 30 years to prevent you from filing more state court complaints that are in direct violation of a federal court order? Well, our point is that the federal court order was improperly entered. And so ---- Isn't that for us to decide? Well, I'm asking this Court to rule that the injunction was improperly entered because there was no jurisdiction to enter it in the first place. So we're ---- All right. And what if, just assume for a minute, I understand you disagree, but assume that we find that he did have jurisdiction, he had in aid of jurisdiction. Then what? Well, if he had jurisdiction and we need to proceed in federal court, then we would go to our next argument with regard to recusal and that Judge Du Bois should not be handling it if it's sent back to federal court. Now, I mean ---- What are the factual ---- I'm glad you mentioned recusal. What are the factual bases for the fairly scandalous allegations that you've made about Judge Du Bois' impartiality? Well, what ---- they don't consist of mere speculations or allegations. What Mr. Peoples testified to is what he was told over the phone by these people calling on behalf of Mr. Langer. These people? Who are these people? Mr. Specter, Mr. ---- the name escapes me at the moment, but it was the two people that came to court and testified. Now, I think ---- You said they did not say anything of the kind. Right. But I think it's interesting to say that they didn't deny making the phone calls. They didn't deny when the phone calls were made. So they admitted in that time period when Mr. Peoples on behalf of Mr. Langer, they did tell Mr. Peoples that he was going to lose, he better lower his demand. But they didn't admit to saying that they were friends. Now, again, we're not ---- I'm not making the accusation that there was bias. I'm making the accusation that there was appearance of bias based on these statements made by people calling on behalf of Mr. Langer. And that's not just an allegation off the top of Mr. Peoples' head. He's just relating to the court under oath what he was told over the phone. And that is enough for appearance of bias. But the other half of our appearance of bias argument is that because Mr. Langer was liaison counsel, he was basically the underling of Judge Du Bois for the purposes of this class action. He was giving ex parte reports. As liaison counsel, part of his job was to give a report to a judge about the case. And so he has this special relationship with the judge by reason of his liaison counsel position. And that's ---- Sotomayor Is there any case authority for the proposition that the judge presiding over a class action is required to recuse because there has been liaison counsel appointed in the case? In this situation where the liaison counsel is the actual litigant? I'm asking you for a case. I mean, liaison counsel are appointed all the time. Can you show me a case? Cite for us a case where a district judge was required to recuse because of an appearance of bias for having appointed someone, liaison counsel, in a class action. I can't name for you a case, but I can cite Mr. Langer's own words that the in the Piscitello application, which was an application by a referring attorney to get money, referral monies from a counsel of record, Mr. Langer himself said that this does not involve liaison counsel. This does not involve the federal court. It's a personal matter between the counsel of record and referring counsel. Mr. Peoples is in the same position. He is just a contractor of Mr. Langer. And I do want to point out that this contract that was made between Peoples and Langer, which is memorialized in that September letter, that was made before the class action was begun, before Mr. Langer was appointed liaison counsel. So he had no position of an agent for these other attorneys. So the whole argument by Langer that all the attorneys, all the 20 or 40 attorneys in the class action would have to share in Langer's, to pay off Langer's debt to Mr. Peoples, that's all wrong, because the contract was just between Peoples and Langer. Only Langer would be responsible under the contract. And what Langer is doing is using the whole class action funds to pay off his personal debt to Mr. Peoples. I think we understand your position on that. Let me ask you one question before, so we can get it on the floor. One of the issues that is before us is whether the district court erred in declining to impose contempt sanctions against your client. And as I understand the judge's explanation, his primary reason, or at least one of his primary reasons, was that he believed that, well, all that had been asked for was a progressive fine. And he believed that his authority was going to expire as of the last distribution to the members of the class. And he said, I quote, a prospective fine would be unenforceable by this court because my authority is going to cease. Now, I think I'm going to ask you to assume, well, first I'll ask you whether he was not incorrect in believing Judge Du Bois. Was he not in error, legal error, in thinking that his authority over this injunction, Allred's injunction, was about to cease? He was in error there, right? Well, it should have ceased. It should have ceased long ago. There is no reason for him to be holding on to this case. And with regard to that, I think it's clearly within his discretion to not impose sanctions. He cited Mr. Peoples' depression testimony about his... Okay, but let's just try to stay on point. Assuming that he was in error in thinking that he couldn't enforce sanctions if he imposed them, and assuming he was in error, why should we not send this back and say, look, reconsider this matter. Your authority is not about to cease and reconsider this contempt issue in light of that fact and the current facts. Well, when Judge Du Bois reversed himself in October and reconsidered, he had the opportunity then to say, well, based on my new ruling that I am holding on to the case, I'm now going to enforce those sanctions. I think it's a fair reading of the record that that was not, even knowing that he was holding on to it, it was not his intent to then impose sanctions. I think it's a fair reading and within his discretion to find that the best outcome in his mind for this phone situation was to just end it and not impose monetary sanctions. I don't think it would have helped the situation for him to do that. All right, Mr. Crystal, we'll have you back on rebuttal. Thank you, Your Honor. On the issue of the contempt, if you do remand this for Judge Du Bois to consider the imposition of contempt, I would like to request that it be made clear that he can consider both either or or both coercive future fine and also the past damages. Judge Fisher, you asked me if I had a case where a court of appeals, I can't find a case from the Third Circuit, but we did cite Judge Irving Kaufman's decision at page 59 of our opening brief, the Vuitton Fees v. Carousel handbags where he reversed the failure to impose past sanctions, saying that his words were, the district court is not free to exercise its discretion and withhold an order in civil contempt awarding damages to the extent they are established. We ask for both in our motions. I think my brief was in error on that because we began to focus on just the coercive. We wanted the harassment to stop, so we were focusing on the future. But when I went back over the weekend and looked at the actual motions themselves, we had quite clearly asked for both the future coercive and the past. And that appears in the record at A40 paragraph D. That was our initial motion in July 2006. And then again we brought a second motion for contempt when we received the summons in February of 2007, I'm sorry, February 2008. And that appears in the record at A945. So there is authority for that. And unless you have, I don't know if you have any other questions for me. Any questions? I'm content. No further questions. Thank you very much. Mr. Crystal, do you have anything further? Do you want to come to the microphone or do you want to speak from there?  Okay. With regard to the jurisdictional issue, if I could go on that. Again, the reason we bring that up is because the injunction was reinstated and now the district court is asserting jurisdiction. Mr. Crystal, I would like to remind you that's not really rebuttal. You already made your point there. I don't have anything further with regard to the points made by counsel. Mr. Crystal, while you're sitting there, I just would like to say to you that not only has there been some serious allegations made in the district court about Judge Du Bois' handling of this case, but in looking at the various, looking at your briefs and the motions that have been filed with this court, there are some serious allegations which this court may find are not supported in the record. And I would just like to indicate to you, although this court hasn't asked you directly about all of those, that we do take serious our obligation and the obligation of counsel to deal forthrightly with this court as well as with the district court. And there could be more to be said about that, but I can't let the opportunity of you being here before this panel pass without at least mentioning the fact, at least myself, speaking for myself, have been fairly offended by the apparent liberties that you have taken with some of the facts in the record and what's been argued here, at least as it refers to the district court judge. Thank you, Your Honor. We will take this matter under advisement.